Case 2:18-cv-00127 Document 18 Filed on 07/10/18 in TXSD Page 1 of 15

United States District Court
Southern District of Texas
**ENTERED**
July 10, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BOBBY DEWAYNE EVANS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-127 |
| | § | |
| JAVIER MURO, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION
## TO DISMISS CASE

Plaintiff Bobby Dewayne Evans is a Texas inmate appearing *pro se* and *in forma pauperis*. He filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A.

For purposes of screening, the undersigned recommends that Plaintiff's complaint be **DISMISSED with prejudice** for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for the reasons set forth below. The undersigned recommends further that the dismissal of this case counts as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

---

[1] Plaintiff is **WARNED** that if he accumulates three strikes, he will not be allowed to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious injury. *See* 28 U.S.C. § 1915(g).

**I.      JURISDICTION**

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

**II.     PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS**

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID). Plaintiff is currently serving a fifty-year sentence for aggravated robbery out of Jefferson County, Texas. He was sentenced on June 17, 2013. The facts giving rise to Plaintiff's claims in this civil rights action occurred in connection with Plaintiff's current assignment to the McConnell Unit in Beeville, Texas.

Plaintiff sues the following McConnell Unit officials in their individual and official capacities: (1) Lieutenant Javier Muro; (2) Sergeant Gabrial Diaz; (3) Corrections Officer Rolando Gonzalez; (4) Sergeant Anthony Mackey, Jr.; and (5) Corrections Officer Carlos C. Bolivar. (D.E. 1, pp. 9-10). Plaintiff claims that Defendants violated his due process rights by confiscating his legal materials and various personal photographs. Plaintiff further claims that he was denied access to the courts due to the taking of his legal materials. Lastly, Plaintiff asserts a claim of retaliation. Plaintiff seeks either monetary relief for the confiscated property or return of his legal materials.

A *Spears*[2] hearing was conducted on June 21, 2018. The following representations were made either at the *Spears* hearing or in Plaintiff's original complaint (D.E. 1):

---

[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

Plaintiff arrived at the McConnell Unit on August 17, 2017. Plaintiff's custodial classification is currently G5, which means that he is typically housed in administrative segregation and is required to be handcuffed when moving from one area of the prison to another.

On January 16, 2018, Plaintiff was involved with an altercation with a cellmate during a short period of time when Plaintiff was not in segregation. On that day, Sergeant Diaz proceeded to confiscate copies of Plaintiff's legal briefs. Plaintiff acknowledged that he had already filed the originals of his legal briefs in his federal habeas action filed in the Beaumont Division of the Eastern District of Texas, *Evans v. Director, TDCJ-CID*, No. 1:16-CV-386 (E.D. Tex.). Plaintiff testified he was tricked into signing a property form before he could check on what legal materials were taken. The copies of Plaintiff's legal briefs were never returned to him. Plaintiff filed a Step 1 grievance against Sergeant Diaz, which was denied. Because the reviewing officer on the Step 1 grievance held it "past the due date and extension date," Plaintiff could not file a Step 2 grievance.

On April 7, 2018, Officer Gonzalez confiscated 36 pictures of various women from Plaintiff. While not considered to be contraband, Plaintiff testified that prison officers wanted the pictures for themselves. Officer Gonzalez attempted to obtain Plaintiff's signature on a property form, but Plaintiff refused to sign because he was missing more than what was reflected on the form. Plaintiff filed a grievance with respect to the taking of his pictures. According to Plaintiff, the grievance resulted in the firing of one of the officers who confiscated the pictures. Plaintiff received no response

to his formal request for compensation for the confiscated property.  Plaintiff testified that he has not filed a state lawsuit with respect to the confiscated property.

On April 25, 2018, due to threats from another inmate, Plaintiff refused a housing assignment in which he would have been transferred from segregation.  Plaintiff received a disciplinary case for refusing this housing assignment.  Lieutenant Muro then directed officers to take all of Plaintiff's legal materials that Plaintiff possessed in connection with his habeas corpus action.  That same day, Sergeant Mackey and his co-workers confiscated 43 pictures of women, ten legal books, and all of Plaintiff's trial transcripts.  Plaintiff identified one of the confiscating officers as Officer Bolivar.

All of the legal materials taken from Plaintiff relate to his federal habeas action.  In that action, Plaintiff challenged the validity of his 2013 aggravated robbery conviction and sentence out of Jefferson County.  Plaintiff testified at the *Spears* hearing that he had raised claims in his federal habeas action primarily challenging the sufficiency of the evidence presented at trial.  Plaintiff stated that a magistrate judge issued a Report and Recommendation (R&R) to deny and dismiss Plaintiff's federal habeas petition.  Plaintiff filed objections to the R&R and is waiting on a ruling on his objections.[3]

Plaintiff primarily complains about the confiscation of his trial transcripts.  He further testified that certain medical records were also taken which would have supported his federal habeas claims.  Plaintiff acknowledged that some of these medical records

---

[3] Plaintiff indicated at the *Spears* hearing that his federal habeas action was pending before the Fifth Circuit Court of Appeals.  However, a review of the status of Plaintiff's federal habeas action in the Eastern District of Texas reveals that: (1) the magistrate judge issued the R&R on April 9, 2018; (2) Plaintiff filed his objections on April 26, 2018; and (3) the R&R and objections are presently pending before United States District Judge Marcia A. Crone. (*See Evans v. Director, TDCJ-CID*, No. 1:16-CV-386, D.E. 35, 38).

were admitted into evidence before the state trial court. Plaintiff maintains that all of the personal and legal property taken belonged to him, that prison officials improperly confiscated his property, and that these officials later informed Plaintiff there was no personal property to return to Plaintiff.

At the *Spears* hearing, Plaintiff testified Defendants had retaliated against him by taking his personal and legal property because they did not like Plaintiff and wanted to hurt his chances in winning his federal habeas action. Plaintiff subsequently filed a pleading in which he reiterated his general claim of retaliation against McConnell Unit officials. (D.E. 17). Plaintiff asserted therein that additional legal materials were taken from him every time he left his cell. (D.E. 17, p. 1). Plaintiff attached to his pleading a set of Step 1 and Step 2 grievances based on his fear that these grievances would be confiscated by prison officials. (D.E. 17, pp. 5-8).

### III.   LEGAL STANDARD

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an

indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id*.

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of

state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

## IV. DISCUSSION

### A. Eleventh amendment immunity and Official Capacity

A suit against a state officer in his or her official capacity is effectively a suit against that state official's office. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment, however, bars claims for money damages against a state or state agency. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Aguilar v. Texas Dep't of Criminal Justice,* 160 F.3d 1052, 1054 (5th Cir. 1998). As such, an action for monetary damages against a state official in his or her official capacity is one against the state itself, and is barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). The Fifth Circuit has extended the Eleventh Amendment immunity specifically to TDCJ officers and officials acting in their official capacities. *See Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) (Eleventh Amendment bars prisoner's suit for money damages against prison officials in their official capacities).

To the extent that Plaintiff sues each Defendant in his or her official capacity for monetary damages, those claims are barred by the Eleventh Amendment. Thus, it is

respectfully recommended that Plaintiff's claims for money damages against Defendants in their official capacities be dismissed as barred by the Eleventh Amendment.

### B. Personal Property (Due Process)

Plaintiff claims that Defendants violated his due process rights by confiscating his personal property, which included his legal materials and numerous photographs, on January 16, 2018, April 8, 2018, and April 25, 2018. The Fourteenth Amendment of the Constitution provides that no State shall "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV § 1. The Supreme Court has held that a random and unauthorized intentional deprivation of property does not violate the Due Process Clause if the State provides an adequate post-deprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 534-35 (1984); *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996). A claimant must either take advantage of the available remedies or show that the available remedies are inadequate. *Hudson*, 468 U.S. at 534-35.

Texas law provides Plaintiff with possible post-deprivation remedies. Texas law allows recovery of monetary damages for the loss of property that has been taken without authorization. *See Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994) (in Texas, the tort of conversion fulfills this requirement); *see also Beam v. Voss*, 568 S.W.2d 413, 420-21 (Tex. Civ. App.– San Antonio 1978, no writ) (conversion is the unauthorized and unlawful assumption and exercise of dominion and control over the personal property of another, to the exclusion of, or inconsistent with the owner's rights). In addition, state law specifically provides that inmates may recover up to $500.00 on a claim that the TDCJ lost or damaged personal property. *See* Tex. Gov't Code § 501.007.

Because Texas law provides adequate post-deprivation remedies, the confiscation of Plaintiff's personal property does not state a violation of the Due Process Clause. *See Hudson*, 468 U.S. at 536 (noting that, even when a prisoner's property was intentionally destroyed, such destruction did not violate the Fourteenth Amendment because state law provided the prisoner with an adequate post-deprivation remedy).

A prisoner such as Plaintiff may bring suit in federal court for property loss only if relief is denied in state court on grounds other than the merits of his claim. *See Thompson v. Steele*, 709 F.2d 381, 383 n.3 (5th Cir. 1983). The burden is on the inmate to show that the post-deprivation remedy is inadequate. *Myers*, 97 F.3d at 94. Plaintiff testified at the *Spears* hearing that he did not file a state court lawsuit either to seek return of his confiscated property or money damages for the taken property. Because Plaintiff has not pursued his state court remedies, he cannot allege that the post-deprivation remedies available to him are inadequate.

Accepted as true, Plaintiff's allegations regarding the confiscation of his personal property fail to state a cognizable constitutional claim. Accordingly, the undersigned respectfully recommends that Plaintiff's due process claims against Defendants for the confiscation of his personal property be dismissed as frivolous and/or for failure to state a claim for relief.

C. **Access to Courts**

Plaintiff claims that Defendants violated his First Amendment right of access to the courts when: (1) on January 16, 2018, Sergeant Diaz confiscated copies of Plaintiff's legal briefs which related to his federal habeas corpus action filed in the Eastern District

9 / 15

of Texas; and (2) on April 25, 2018, Defendants Muro, Mackey, and Bolivar were involved in confiscating Plaintiff's ten legal books and trial transcripts which also related to his federal habeas action. Plaintiff asserts that these actions hindered his ability to present his claims in his federal habeas action.

Prisoners have a constitutionally protected right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 360 (1996) (citing *Bounds v. Smith*, 430 U.S. 817, 821 (1977)). The right does not guarantee any "particular methodology but rather the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Lewis*, 518 U.S. at 356. *See also Jones*, 188 F.3d at 325 (the right provides a reasonable opportunity to file nonfrivolous legal claims challenging convictions or conditions of confinement).

Because the right of access is not a "freestanding right," to state a cognizable First Amendment claim, the plaintiff must demonstrate actual injury resulting from an alleged denial of access to the courts. *Lewis,* 518 U.S. at 351; *Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999). Without a showing of an actual injury, a plaintiff lacks standing to pursue a claim of denial of access to the courts. *Lewis*, 518 U.S. at 349.

To meet the standing requirement, a plaintiff "must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Raines v. Byrd*, 521 U.S. 811, 818 (1997) (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984)). Plaintiff "must establish that he has a personal stake in the alleged dispute and that the alleged injury suffered is particularized as to him." *Id.* at 819. In particular, to succeed on a claim of denial of access to courts, a plaintiff must show that

he lost an actionable claim or was prevented from presenting such a claim because of the alleged denial. *See Lewis*, 518 U.S. at 356. He must show "that his position as a litigant was prejudiced" as a direct result of the denial of access. *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996).

Plaintiff has alleged no facts to indicate he was prevented from submitting his claims to the federal habeas court or that Defendants' actions caused him to lose an actionable claim. With regard to the taking of his legal briefs on January 16, 2018, Plaintiff testified at the *Spears* hearing that he had already submitted those briefs to the Eastern District of Texas in connection with his federal habeas action. While his trial transcripts and other legal materials were confiscated on April 25, 2018, Plaintiff stated that he was able to file objections to the R&R issued by the magistrate judge in his federal habeas action. The trial transcripts taken from Plaintiff already were part of the record presented to the federal habeas court.

Accepting Plaintiff's allegations as true, he fails to state a plausible First Amendment claim for denial of access to courts because such allegations fail to suggest he was prejudiced as a litigant in the federal habeas action. Because he fails to allege an actual injury, the undersigned respectfully recommends that Plaintiff's First Amendment claims against Defendants Diaz, Muro, Mackey, and Bolivar be dismissed as frivolous and/or for failure to state a claim for relief.

### D.   Retaliation

At the *Spears* hearing, Plaintiff testified that Defendants had retaliated against him by confiscating his personal and legal property because they did not like Plaintiff and

wanted to hurt his chances in winning his federal habeas action. In a pleading filed after the *Spears* hearing, Plaintiff reiterated his general claim of retaliation by prison officials. (D.E. 17).

Retaliation is not expressly referred to in the Constitution; however, it is nonetheless actionable because retaliatory actions may tend to chill an individual's exercise of constitutional rights. *See Perry v. Sindermann*, 408 U.S. 593, 597 (1972). Retaliation is actionable "only if the retaliatory act 'is capable of deterring a person of ordinary firmness from further exercising his constitutional rights.'" *Bibbs v. Early*, 541 F.3d 267, 270 (5th Cir. 2008) (quoting *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006)).

The purpose of allowing retaliation claims under § 1983 is to ensure that prisoners are not unduly discouraged from exercising their constitutional rights. *Morris*, 449 F.3d at 686. Thus, "[a] prison official may not retaliate against or harass an inmate for exercising the right of access to the courts, or for complaining to a supervisor about a guard's misconduct." *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995). "Filing grievances and otherwise complaining about the conduct of correctional officers through proper channels are constitutionally protected activities, and prison officials may not retaliate against inmates for engaging in such protected inmates." *Reese v. Skinner*, 322 F. App'x 381, 383 (5th Cir. 2009) (citing *Morris*, 449 F.3d at 684).

The Fifth Circuit has emphasized that "prisoners' claims of retaliation are regarded with skepticism and are carefully scrutinized by the courts." *Adeleke v. Fleckenstein*, 385 F. App'x 386, 387 (5th Cir. 2010) (citing *Woods*, 60 F.3d at 1166). In addition, the Fifth

Circuit has concluded that some acts, even though they may be motivated by retaliatory intent, are so *de minimis* that they would not deter the ordinary person from further exercise of his rights. *Morris*, 449 F.3d at 686. Such acts do not rise to the level of constitutional violations and cannot form the basis of a § 1983 claim. *Id.*

To state a valid § 1983 claim for retaliation, "a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Jones*, 188 F.3d at 324-25 (citing *McDonald v. Stewart*, 132 F.3d 225, 231 (5th Cir. 1998)). An inmate must allege more than his personal belief that he is the victim of retaliation. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (citation omitted). "Mere conclusory allegations of retaliation will not be enough to withstand a proper motion for dismissal of the claim." *Jones*, 188 F.3d at 325. The inmate must produce direct evidence of motivation or a chronology of events from which retaliation may be inferred. *Id.* In other words, a successful claim of retaliation requires a showing that, but for some retaliatory motive, the complained of adverse incident would not have occurred. *Woods*, 60 F.3d at 1166.

In this case, Plaintiff's allegations of retaliation are purely conclusory. They merely reflect his personal belief he was the victim of retaliation, and he offers no specific facts to support his threadbare allegations of retaliation. Accepting Plaintiff's conclusory allegations as true, they at best suggest a temporal proximity between the time Plaintiff litigated his federal habeas action and Defendants' actions in confiscating Plaintiff's legal materials. Such temporal proximity alone, however, is insufficient to

state "but for" causation in a retaliation claim. *Reese*, 322 F. App'x at 383. Accordingly, it is respectfully recommended that Plaintiff's retaliation claims against Defendants be dismissed as frivolous and/or for failure to state a claim for relief.

## V. CONCLUSION

Because Plaintiff has failed to state a cognizable constitutional claim in this action against any one of the named Defendants, it is respectfully recommended that Plaintiff's complaint be **DISMISSED with prejudice** as frivolous and/or for failure to state a claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). It is respectfully recommended further that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g), and that the Clerk of Court be **INSTRUCTED** to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

Respectfully submitted this 10th day of July, 2018.

/s/ Jason Libby
Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).